UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

  -vs-                                           Case number 10-20737
                                                       Honorable Julian Abele Cook, Jr.

CHICO FERGUSON, MICHAEL FERGUSON,
PONIE DAVIS, LEROY BUTLER, and
EMANUEL JORDAN

       Defendants.

## ORDER

On December 7, 2010, the Defendants, Chico Ferguson, Michael Ferguson, Ponie Davis, Leroy Butler, and Emanuel Jordan, were indicted by a federal grand jury for, *inter alia,* conspiring to commit mail fraud in violation of 18 .U.S.C. § 1341 et. seq. Now pending before the Court is a motion to dismiss by the Defendants, all of whom point to the applicability of the statute of limitations as a bar to the enforcement of the Government's prosecution efforts.

### I.

On December 13, 2011, the Defendants collectively filed a motion to dismiss all of the charges against them because, in their opinions, there is no evidence to support the Government's claim of a criminal wrongdoing by them at any date later than December 7, 2004. On January 26, 2012, the Government filed its first superseding indictment, consisting of fourteen counts. (ECF 61). In Counts 1 and 2, the accusations against the Defendants are identical to the charges in the original indictment (i.e., mail fraud). Count 3 added a conspiracy charge which accused the

1

Defendants of committing bank fraud. Counts 4-14 are new, in that each of them make reference to instances of bank fraud by the Defendants which date from November 11, 2003 to November 9, 2005.

## II.

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). Thus, the Defendants have authority to challenge any defect in the indictment and raise "all defenses and objections which are capable of determination without a trial of the general issue," including such matters as the statute of limitations, lack of jurisdiction, and a failure of the indictment or information to state an offense. Advisory Committee Note to Fed. R. Crim P. 12(b)(1) and (2).

The statute of limitations for mail fraud is five years. 18 U.S.C. § 3282(a). On the other hand, the statute of limitations for bank fraud is ten years. 18 U.S.C. § 3293. The limitations period normally begins to run from the date of the last overt act in furtherance of the conspiracy that has been alleged in the indictment. *See United States v. Garcia*, 268 F.3d 407, 411 (6th Cir.2001) *cert. denied*, 535 U.S. 1089, 122 S.Ct. 1985, 152 L.Ed.2d 1041 (2002), *overruled on other grounds*, *United States v. Leachman*, 309 F.3d 377 (6th Cir.2002).

According to the records in this case, it appears that the date of the last alleged overt act of bank fraud is November 9, 2005. It further appears that the date of the last alleged overt act of mail fraud is December 12, 2005. The original indictment in this case was filed on December 7, 2010. The superseding indictment was filed on January 26, 2011. Once an indictment is filed, the statute of limitations is tolled as to the charges within the indictment. *See Garcia,* 268 F.3d at 411; *United States v. Smith*, 197 F.3d 225, 227 (6th Cir.1999).

III.

As in the original indictment, Counts 1 and 2 of the first superseding indictment charge all of the Defendants with mail fraud and aiding and abetting, in violation of 18 U.S.C. §§1341-1342. In Count 1, the charges pertain to the acts of mail fraud relating to a mailing on or about December 8, 2005. Count 2 contains accusations of mail fraud arising out of a mailing on or about December 12, 2005. The mailings at issue were allegedly caused by two persons, neither of whom are Defendants in this action.

Here, the Defendants submit that "the discovery produced in this case makes clear that there is no factual basis for the claims in the Indictment. The discovery clearly shows that the latest act that could be attributed to any of the Defendants in this Indictment, occurred before December 8, 2004, more than five (5) years before the filing of the complaints against the defendants."

The Court finds that it is premature and inappropriate at this stage of this criminal proceeding to make claims about what the evidence in this case shows or will not show. The Sixth Circuit discussed Rule 12(b) motions in *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir.1997):

> It is elementary that Rule 12(b) of the Federal Rules of Criminal Procedure permits pretrial consideration of any defense that is "capable of determination without the trial of the general issue." Courts usually say that a motion to dismiss is "capable of determination" before trial if it involves questions of law instead of questions of fact on the merits of criminal liability.
>
> Normally, Rule 12(b) motions may appropriately raise for consideration such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, and lack of jurisdiction. District courts may ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate fact finder. (Internal citations and quotations omitted).

Here, the Defendants are asking the Court to make factual findings as to the claims in the indictment. In particular, they seek a ruling from the Court that will determine whether any of the

Defendants caused the alleged mailings that occurred on or about December 8, 2005 and December 12, 2005. An indictment for mail fraud under 18 U.S.C. § 1341 is sufficient if it alleges the following: (1) the defendant(s) devised or intended to devise a scheme to defraud another person or entity of money or property; (2) the defendant(s) caused something to be mailed for the purpose of carrying out the scheme; and (3) the scheme(s) employed false material representations. *See U.S. v. Freeman*, 619 F.2d 1112 (5th Cir.1980). The Government need not allege that the items in question were actually mailed by the Defendant(s). Rather, the indictment is sufficient if it proclaims that the Defendant(s) participated in a scheme to defraud and, in so doing, caused the items in question to be mailed. *U.S. v. Brighton Bldg. & Maintenance Co.,* 435 F.Supp. 222 (N.D. Ill. 1977), judgment aff'd, 598 F.2d 1101 (7th Cir.1979). A facial examination of the superceding indictment clearly suggests that the Government has properly alleged these *Freeman* elements. Any dispute over the veracity of the allegations must be resolved during a preliminary hearing or a trial.

Counts 3 through 14 charge all of the Defendants with conspiring to commit bank fraud and the actual commission of bank fraud between 2003 and 2006 which carry statutes of limitations of 10 years, as noted earlier. These counts are not barred by the statute of limitations.

IV.

For the reasons stated above, the Defendants' motion to dismiss is denied. (ECF 52).

IT IS SO ORDERED.

Date: March 28, 2012                                         s/Julian Abele Cook, Jr.
                                                             JULIAN ABELE COOK, JR.
                                                             U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 28, 2012.

s/ Kay Doaks
Case Manager
